MATTER OF Y——M——

In DEPORTATION Proceedings

A–3028956

*Decided by Board July 29, 1958*

**Recommendation against deportation prior to December 24, 1952—Not a bar to deportation under section 241(a)(11) of 1952 act.**

Nondeportable status created prior to December 24, 1952, through judicial recommendation against deportation of an alien convicted for narcotic violation is ineffective to relieve alien from deportation under provisions of the 1952 act. (NOTE: 6 I. & N. Dec. 505, 579, and 709, overruled.)

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Drug traffic, conviction: Violation of the Narcotic Drugs Import and Export Act as amended on May 26, 1922.

BEFORE THE BOARD

**Discussion:** An order entered by the special inquiry officer April 24, 1958, terminated the above-captioned proceeding. The case has been certified for final decision pursuant to 8 CFR 6.1(c).

The respondent, a native and national of China, last entered the United States through the port of Seattle, Washington, on May 15, 1937. Deportation is sought under section 241(a)(11) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(11)) in that the respondent was convicted on March 25, 1925, for violation of the Narcotic Drugs Import and Export Act as amended (35 Stat. 614; 21 U.S.C. 171). The court in the order sentencing the respondent stated, "the defendant is not to be deported by reason of this conviction."

The special inquiry officer, relying on precedent decisions by this Board,[1] has terminated the proceedings. As in the instant case, the issue then before us concerned whether a nondeportable status created by a judicial recommendation in a narcotic case prior to the

---

[1] *Matter of C——M——*, A–1776931, 6 I. & N. Dec. 505, Feb. 3, 1955; *Matter of W——M——*, A–4988228, 6 I. & N. Dec. 579, May 5, 1955; *Matter of C——*, A–5556791, 6 I. & N. Dec. 709, Sept. 1, 1955.

94

effective date of the Immigration and Nationality Act of 1952 continues to relieve the alien from deportation under the 1952 act.

Originally, we held in *Matter of I——*, E–25308, 5 I. & N. Dec. 343, that the recommendation of the court as a bar to deportation is confined to aliens who are deportable under section 241(a)(4) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(4)). Thereafter we reversed ourselves because the position we took in *Matter of I——*, *supra*, was overruled in the cases of *Ex parte Robles-Rubio* [2] and *United States* v. *O'Rourke*.[3] Both of these cases held that the savings clause of the 1952 act [4] was of sufficient breadth to encompass a previous recommendation against deportation and continues to relieve the narcotic offender.

Since our last consideration of this issue the Supreme Court has ruled [5] that the savings clause of the 1952 act does not relieve an alien in respondent's position from deportation because the savings clause by its own terms does not apply to situations "otherwise specifically provided" for in the act. The Supreme Court in the *Catalanotte* case said (p. 694):

Section 241(a)(11) and § 241(d) [Immigration and Nationality Act] specifically provide for the deportation of an alien notwithstanding that the offense for which he is being deported occurred prior to the 1952 Act. Section 241(a)(11) makes an alien deportable if he has "at any time" been convicted of illicit traffic in narcotic drugs. And § 241(d) makes § 241(a)(11) applicable to all aliens covered thereby "notwithstanding * * * that the facts * * * occurred prior to the date of enactment of this Act" * * * Congress was legislating retrospectively, as it may do, to cover offenses of the kind here involved.

The finding by the special inquiry officer that the respondent is not deportable under section 241(a)(11) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(11)) is hereby reversed.

The special inquiry officer has requested that the case be remanded to afford the respondent an opportunity to apply for suspension of deportation in the event he is found deportable. Under the circumstances, we will remand the case for this purpose. An appropriate order will be entered.

**Order:** It is directed that the case be remanded to the special inquiry officer for the purpose stated in the foregoing opinion.

[2] 119 F. Supp. 610 (Jan. 21, 1954).

[3] 213 F.2d 759 (C.C.A. 8, June 17, 1954, rehearing denied July 14, 1954).

[4] Section 405(a), Immigration and Nationality Act; 8 U.S.C. 1101 note.

[5] *Lehmann* v. *Carson*. 353 U.S. 685, June 3, 1957; *Mulcahey* v. *Catalanotte*, 353 U.S. 692, June 3, 1957.